## Moody v. Priest.

1. **Practice on Appeal**: ERROR WITHOUT PREJUDICE. A reversal will not be granted on account of an error in the trial court, where the result could not have been different had the error not been committed.

2. **New Trial**: NEWLY-DISCOVERED EVIDENCE. A new trial on the ground of newly-discovered evidence is properly denied, where there is not a showing of facts constituting due diligence to discover the evidence in time for the first trial.

*Appeal from Page District Court.*

WEDNESDAY, JUNE 9.

THERE was a controversy existing between the defendant and Beard & Turner, which was submitted to arbitration, and this action was brought to recover the amount awarded Beard & Turner by the arbitrators. The plaintiff claimed that such amount had been assigned to him. The defendant pleaded that the plaintiff was not the real party in interest; that the assignment was a pretense; and that it had been made for the purpose of hindering and defrauding the creditors of Beard; and it was further pleaded that Beard was indebted to the defendant. Trial by jury, and judgment against the defendant, who appeals.

*Stockton & Keenan*, for appellant.

*James McCabe*, for appellee.

SEEVERS, J.—It is urged that the court erred in sustaining an objection made to a question asked a witness, that it was 1. PRACTICE on appeal: error without prejudice. not proper on cross-examination, and in overruling an objection on the same ground made by the defendant. We are unable to say that the court abused its discretion in either respect, and, besides this, we feel satisfied that if the court erred in both respects the result would not have been different.

II.   We understand the main ground upon which a reversal is asked is that the court erred in overruling a motion for a new trial on the ground of newly-discovered evidence.   Under the instructions of the court, it became a material question whether Beard was indebted to Beard & Turner, and the defendant claims that Turner testified that he was, and that he was surprised by this evidence, and that he has since the trial ascertained that one Ladd will testify differently.   The affidavit of Ladd was attached to the motion, in which he states that the books of Beard & Turner will show that the evidence of the latter is incorrect.   An affidavit of Beard was also filed, which contradicts the evidence of Turner, as the defendant claims.   The defendant, in his affidavit, states that, under direction of counsel, he made diligent inquiry of all persons likely to have "knowledge or information in relation to the matters in suit."   This is exceedingly indefinite.   No fact is stated.   It is merely the legal conclusion of the defendant as to what matters were in controversy.   It does not appear that he made a single inquiry as to the condition of the accounts between Beard & Turner.   No excuse is given why Beard was not introduced as a witness, or an inquiry made of him.   Ordinary diligence required that such an inquiry should have been made.   Evidently it was not done.

*2. NEW trial: newly-discovered evidence.*

The judgment of the district court must be

AFFIRMED.